This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41006**

**BRENDA P. and RAYMOND P.,**

　　Petitioners-Appellees,

v.

**ESTEVAN R.,**

　　Respondent-Appellant,

and

**RHEANNE P.,**

　　Respondent,

**IN THE MATTER OF THE KINSHIP GUARDIANSHIP OF AURORA R., CIANNA R., and NEVELLA R.,**

　　Children.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Michael Aragon, District Court Judge**

Brenda and Raymond Parks
Las Vegas, NM

Pro Se Appellees

Estevan Roybal
Las Vegas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Respondent Estevan R. (Father) appeals the district court's denial of Father's request to terminate kinship guardianship. This Court issued a notice of proposed disposition, in which we proposed to summarily affirm. Father filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Father's memorandum in opposition is not responsive to the specific concerns this Court identified in our notice of proposed disposition. [CN 3-7] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We also observe that the only legal authority Father cites in his memorandum is in regard to contempt and conflicts of interest issues that Father admits he has never raised in court until now. [MIO PDF 6, 9] "This Court reviews the case litigated below, not the case that is fleshed out for the first time on appeal." *Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (alteration, internal quotation marks, and citation omitted). Father has not otherwise convinced us that our initial proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue); *see also Premier Tr. of Nevada, Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred.").

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{4}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**